Btjixabd, J.
delivered the opinion of the court.
This is an action to recover damages of the defendant resulting from the inexecution of a contract of lease. The object of the contract was a building in Pensacola, intended to be used as a hotel, and the lease which was for two years, was to commence on the 1st of May, 1837. The plaintiff alleges that about that period he proceeded at great expense with his establishment, consisting of domestics, assistants, furniture and provisions, to Pensacola, to take possession of and open the public house, but found on his arrival that the said hotel was in a very unfinished state, and that the whole establishment was wholly unsuited and unprepared for present occupation, and that in consequence of such default the petitioner was unable to receive guests or boarders until the 15th of July, whereby a heavy loss of profits was incurred, and that moreover he sustained losses from the exposure of his furniture, and depredations committed upon his provisions. He estimates his damages at nine thousand dollars. It appears that the plaintiff took possession of the building in its unfinished state at the time contemplated by the lease, but that it was not completed until about the middle of July.
The jury found a verdict for the plaintiff, and assessed his damages at $4700, and the defendant appealed.
Among other grounds urged by the appellant for a reversal of the judgment is this, that it is neither alleged nor proved that the defendant had been put legally in default before the institution of the present suit, and consequently the plaintiff cannot recover damages. The jury was instructed that in order to recover in this action it was necessary for the plaintiff to prove that he had put the defendant in default in one of the modes pointed out in art. 1905, of the Civil Code, and that they were to decide from the evidence, whether the defendant was put in default previous to the institution of the [91] action. This instruction, was clearly correct, so far as it relates to tho necessity of putting the defendant in mora,-and although the question, what constitutes such putting in default, is one of law, yet the sufficiency of the proof was properly left to the jury. But we are called upon to pronounce upon the sufficiency of such proof. The jury appears to have been satisfied of the fact, having found a verdict for the plaintiff. Ever since the decision of the case of Fenwick v. Erwin (6 Mart. N. S. 229), it has been uni *417 formly ruled by this court that damages cannot be recovered for the violation of a contract -without proof of a previous putting in default. In the present case it only remains to inquire what would constitute such previous demand, and whether it has been proved.
It is clear that the defendant was not in default either by the terms of the contract itself nor by operation of law; and our only inquiry is, what act of the plaintiff has been shown, which, according to a just interpretation of the 2d clause of art. 1905, of the Oode, has constituted the defendant «ra moro, and authorizes the recovery of damages.
A putting in default by the act of the party 'is clearly defined by the Oode. It is when the party claiming the performance of a contract demands of the other party to carry it into effect, which demand may be made either by commencing suit, to enforce the principal obligation, as we understand it, by a demand in writing, by a protest by a notary public, or a verbal requisition in presence of two witnesses. In the case before us, the lessee repaired to the place and took possession of the house in its unfinished state. The lessor was not even notified that he would be held responsible for the delay in finishing the house, nothing was done to quicken his proceedings, or hasten the completion of the work. That the plaintiff was not obliged to take possession of the hotel in its unfinished state, is clear; but having done so he was bound to require of the lessor the completion of the work before he could recover damages for his neglect to do so. The fact that the plaintiff repaired to the spot with his train of assistants and domestics does not [92] amount, in our opinion, to a putting in default according to the principles of the Oode.
This view of the case renders it unnecessary to examine other questions which arose in the progress of the trial.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be reversed, the verdict set aside, and that the suit be dismissed, with costs in both courts.